# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISON

| | | |
|---|---|---|
| CHARLES W. CREECH, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. _____ |
| | ) | |
| v. | ) | COMPLAINT AND |
| | ) | JURY DEMAND |
| CITY OF WILSON, | ) | |
| NORTH CAROLINA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Charles W. Creech, Jr., hereby brings this action against the City of Wilson, North Carolina, including its employees, agents, successors, and assigns (collectively, "City of Wilson" or "City"), and alleges upon information and belief as follows:

## THE PARTIES

1.  Plaintiff Charles W. Creech, Jr., is a citizen and resident of Wilson County, North Carolina.

2.  Defendant City of Wilson is a municipal corporation organized under the laws of the State of North Carolina. It is located within Wilson County, North Carolina, and formerly employed Mr. Creech in its Police Department.

3.  The City of Wilson Police Department is a department, division, or agency of the City of Wilson. The Police Department has the authority to act for and bind the City of Wilson with respect to the allegations contained

in this complaint. The City of Wilson is responsible for, approved of, and ratified the acts, policies, practices, customs, and/or procedures that deprived and are depriving Mr. Creech of his rights, as set forth herein.

4. At all times relevant to this case, the City of Wilson, while engaged in affecting commerce, has employed 15 or more employees for each working day in each of 20 or more calendar weeks in the relevant years.

5. The City of Wilson is an employer and covered entity subject to the requirements of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, as amended ("ADA").

6. The City of Wilson conducts programs and activities that receive federal financial assistance. It is therefore covered by the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, and in particular Section 504 of said act.

7. The City of Wilson is an entity capable of being sued under both federal and North Carolina law and enjoys no immunity from the claims alleged in this complaint.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction over Mr. Creech's claims under federal law pursuant to 28 U.S.C. §§ 1331 and 1343 as well as 42 U.S.C. § 2000e-5(f).

9. Mr. Creech's state law claims are properly before this Court pursuant to 28 U.S.C. § 1367(a) because those state law claims are so related

2

to the claims in the action that are within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

10. On November 29, 2018, the EEOC mailed Mr. Creech a Right to Sue letter after the U.S. Department of Justice declined to prosecute the case.

11. This complaint has been timely filed.

12. Mr. Creech has complied with all applicable requirements for administrative exhaustion of his claims, and all conditions precedent to the filing of this suit have been satisfied.

13. Venue is properly laid in this court pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because it is a judicial district in which a defendant resides as well as a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## FACTS

14. Mr. Creech began his employment as a sworn officer with the City of Wilson's Police Department in August 1998.

15. At all times relevant to this case, Mr. Creech has possessed a disability recognized under the ADA and has likewise been a "qualified individual" within the meaning of the ADA. In particular, Mr. Creech suffers from Type 1 diabetes.

16. Mr. Creech is a person protected by the ADA.

3

17. In September 2015, Mr. Creech was removed from the position of Community Resource and Public Relations Officer and placed in the position of patrol officer.

18. Despite contrary statements by the City, placement of Mr. Creech in the position of Community Resource and Public Relations Officer had been an accommodation of his disability.

19. Wilson Police Captain Eric Smith told Mr. Creech (who held the position of corporal at this time) that he was being reassigned to the position of patrol officer due to a shortage in the patrol team. Yet, no other officer, and in particular no other corporal, was reassigned at this time.

20. In September 2015, following appropriate procedures, Mr. Creech filed a grievance with the City of Wilson Human Resources Department. This grievance alleged that Mr. Creech had been subjected to a hostile work environment and that the City of Wilson had failed to accommodate his medical condition.

21. In November 2015, Mr. Creech had a meeting with several high-level City officials. Present at that meeting were the Deputy City Manager, the City's Chief of Police, the City's Director of Human Resources, and Captain Smith.

22. During this meeting, the Chief of Police denied that, when he had previously given Mr. Creech a position in Public Relations, it was as an

accommodation for his disability. Mr. Creech was then offered the position of Supervisor of Records, but this would mean Mr. Creech would no longer be a sworn officer. He was also offered the position of patrol officer at Barton College.

23. Neither of the two positions offered to Mr. Creech were reasonable accommodations or otherwise appropriate.

24. Taking the position of Supervisor of Records, in addition to requiring loss of his status as a sworn officer, would have resulted in Mr. Creech losing his enforcement supplemental retirement benefits.

25. The position at Barton College would have required Mr. Creech to perform rotation shifts, which would adversely affect his medical condition.

26. At the time these two positions were offered to Mr. Creech, there existed several vacant positions for which Mr. Creech was qualified and that would have met his medical accommodation requirements, but these positions were not offered to Mr. Creech.

27. Mr. Creech therefore felt compelled to remain in his patrol position, hoping that he would soon receive a fixed shift patrol position when one became available.

28. Because of his treatment, Mr. Creech filed a charge with the EEOC on November 18, 2015.

29.     Less than a week after he filed his EEOC charge, Mr. Creech received a negative performance evaluation. The evaluation included negative assessments from his supervisors about his necessary requests for additional medical leave.

30.     Mr. Creech's health began to deteriorate drastically in late 2015 and early 2016 due to the City of Wilson's further failure to accommodate his disability and a hostile work environment.

31.     Mr. Creech learned that his supervisors were subjecting him to increased scrutiny in the hopes finding grounds to discipline or terminate him and complaining to his co-workers about his use of accrued sick leave.

32.     Mr. Creech was required to take FMLA leave beginning March 23, 2016.

33.     Due to his treatment by the City, Mr. Creech was left with no option other than to resign shortly before his FMLA leave would end in June 2016. Thus, Mr. Creech was constructively discharged.

34.     As a direct, proximate, and reasonably foreseeable result of the illegal actions of the City of Wilson, Mr. Creech has suffered and will continue to suffer pecuniary loss and injury, including loss of income and benefits, medical expenses, and loss of economic opportunities as well as mental and emotional distress, anguish, and suffering, and humiliation.

35. The City of Wilson's actions were intentional, malicious, and taken with reckless disregard of Mr. Creech's rights.

**COUNT I:**
**Violation of the ADA**
**(Discrimination)**

36. The preceding paragraphs are hereby realleged and incorporated herein by reference.

37. At all times relevant to this case, Mr. Creech possessed a disability that substantially limited one or more major life activities within the meaning of the ADA, had a record of such an impairment, and has been regarded as having such an impairment.

38. The City of Wilson knew of this disability and regarded Mr. Creech as having a disability under the ADA.

39. The City of Wilson, a covered entity under the ADA, has discriminated against Mr. Creech, a qualified individual, on the basis of disability with regard to assignments, advancement, discharge, compensation, job training, and other terms, conditions, and privileges of employment.

40. For example, Mr. Creech made medically appropriate and reasonable requests for accommodation of his disability. These requests for reasonable accommodations were denied, despite the fact that the City of

Wilson could have accommodated them. Instead, the City offered accommodations that were not reasonable under the ADA.

41. The City of Wilson's treatment of Mr. Creech resulted in his constructive discharge.

42. Mr. Creech is therefore entitled to the damages and other relief set out more fully in the prayer for relief below, including an award of punitive damages under the ADA.

## COUNT II:
## Violation of the ADA
## (Retaliation)

43. The preceding paragraphs are hereby realleged and incorporated herein by reference.

44. The City of Wilson retaliated against Mr. Creech because he opposed an act or practice made illegal under the ADA and made a charge and otherwise engaged in protected conduct within the scope of 42 U.S.C. § 12203.

45. Mr. Creech engaged in protected conduct while employed by the City of Wilson. He was thereafter subjected to adverse employment actions, including removal and denial of reasonable accommodations of his disability. These were materially adverse actions that might deter a reasonable person from engaging in protected activity.

46.     Direct evidence of discrimination and retaliatory intent exists in the form of negative comments made by a supervisor relative to Mr. Creech's need for medical leave.

47.     The City of Wilson's treatment of Mr. Creech resulted in his constructive discharge.

48.     Mr. Creech is therefore entitled to the damages and other relief set out more fully in the prayer for relief below.

## COUNT III:
## Violation of § 504 of the Rehabilitation Act of 1973
## (Discrimination)

49.     The preceding paragraphs are hereby realleged and incorporated herein by reference.

50.     The City of Wilson, including in its policing activities, receives federal financial assistance.

51.     The City of Wilson, and its Police Department in particular, are covered by, and subject to, § 504 of the Rehabilitation Act of 1973.

52.     At all times relevant to this case, Mr. Creech possessed a disability that substantially limited one or more major life activities within the meaning of § 504 of the Rehabilitation Act of 1973, had a record of such an impairment, and has been regarded as having such an impairment.

53.     The City of Wilson knew of this disability and regarded Mr. Creech as having a disability under § 504 of the Rehabilitation Act of 1973.

9

54.     The City of Wilson, a covered entity under § 504 of the Rehabilitation Act of 1973, has discriminated against Mr. Creech, a qualified individual, on the basis of disability with regard to assignments, advancement, discharge, compensation, job training, and other terms, conditions, and privileges of employment.

55.     For example, Mr. Creech made medically appropriate and reasonable requests for accommodation of his disability. These requests for reasonable accommodations were denied, despite the fact that the City of Wilson could have accommodated them. Instead, the City of Wilson offered accommodations that were not reasonable under § 504 of the Rehabilitation Act of 1973.

56.     The City of Wilson's treatment of Mr. Creech resulted in his constructive discharge.

57.     Mr. Creech is therefore entitled to the damages and other relief set out more fully in the prayer for relief below.

## Count IV:
## Violation of § 504 of the Rehabilitation Act of 1973
## (Retaliation)

58.     The preceding paragraphs are hereby realleged and incorporated herein by reference.

59. The City of Wilson retaliated against Mr. Creech because he opposed an act or practice made illegal under § 504 of the Rehabilitation Act of 1973 and made a charge and otherwise engaged in protected conduct.

60. Mr. Creech engaged in protected conduct while employed by the City of Wilson. He was thereafter subjected to adverse employment actions, including removal and denial of reasonable accommodations of his disability. These were materially adverse actions that might deter a reasonable person from engaging in protected activity.

61. Direct evidence of discrimination and retaliatory intent exists in the form of negative comments made by a supervisor relative to Mr. Creech's need for medical leave.

62. The City of Wilson's treatment of Mr. Creech resulted in his constructive discharge.

63. Mr. Creech is therefore entitled to the damages and other relief set out more fully in the prayer for relief below.

## Count V:
## Termination in Violation of
## North Carolina Public Policy

64. The preceding paragraphs are hereby realleged and incorporated herein by reference.

65. It is the public policy of the State of North Carolina that all persons shall be able to seek, obtain, and hold employment without

11

discrimination or abridgement on account of race, religion, color, national origin, age, sex, or handicap by employers which regularly employ 15 or more employees.

66.     Mr. Creech possesses a handicap within the meaning of N.C. Gen. Stat. § 143-422.2.

67.     Pursuant to the North Carolina Equal Employment Practices Act, N.C. Gen. Stat. § 143-422.2, and North Carolina common law, the actions of the City of Wilson resulted in Mr. Creech's constructive discharge in violation of North Carolina public policy due to his handicap.

68.     Mr. Creech is therefore entitled to compensatory damages and other appropriate relief provided by North Carolina law.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Charles W. Creech, Jr., respectfully prays that this Court grant the following relief:

1.     Grant him a trial by jury on all claims so triable;

2.     Grant him compensatory and other damages, including damages for back pay, lost benefits, loss of economic opportunities, past and future medical and expenses, past and future mental and emotional distress, anguish, humiliation, and suffering, past and future pain and suffering, past and future loss of enjoyment of life, expenses necessary to secure new employment, and past and future injury to his reputation;

12

3.     Grant him an award of front pay, including an award for lost future benefits, given that reinstatement is not feasible in this case;

4.     Grant him an award of punitive damages pursuant to 42 U.S.C. § 12117(a), 42 U.S.C. § 1981a, and as may be otherwise allowed by applicable law;

5.     Grant him prejudgment and post-judgment interest;

6.     Grant him attorneys' fees, costs, and expenses pursuant 42 U.S.C. § 2000e-5(k), 42 U.S.C. § 12205, and as may be otherwise allowed by applicable law;

7.     Grant declaratory and injunctive relief, as provided by law;

8.     Tax costs of this action against defendant City of Wilson; and

9.     Grant him such other and further relief as this Court may deem just and proper.

This the <u>27th</u> day of February, 2019.

Respectfully submitted,

LAW OFFICE OF B. TYLER BROOKS, PLLC

BY: <u>/s/B. Tyler Brooks</u>
B. Tyler Brooks
N.C. Bar No. 37604
4050 Yellowfield Way
Cary, North Carolina 27518
Telephone: (336) 707-8855
Fax: (919) 584-8373
btb@btylerbrookslawyer.com

13

LUSBY LAW, P.A.

Christopher R. Lusby†
N.C. Bar No. 52274
2860 Ward Blvd., Suite A
Wilson, North Carolina 27893
Telephone: (252) 221-3223
Fax: (252) 364-4765
chris@lusbylaw.com

† Admission pending.

*Counsel for Plaintiff*
*Charles W. Creech, Jr.*